UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JOSHUA CLINE | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | MAGISTRATE: |
| | * | |
| FUTRELL ELECTRIC, INC. | * | JUDGE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Joshua Cline, brings this Complaint and alleges as follows:

### OVERVIEW

1. Plaintiff brings this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, to recover unpaid overtime compensation, liquidated damages, attorney's fees and costs.

### PARTIES

2. Plaintiff, Joshua Cline, is a major individual, domiciled in Dry Prong, Grant Parish, State of Louisiana.

3. Plaintiff has consented to filing this action. (Plaintiff's Consent Form is attached hereto as Exhibit "A".)

4. Defendant, Futrell Electric, Inc. (hereinafter "Futrell"), is a Louisiana corporation with its principal business office located at 8901 Highway 165, Pollock, Louisiana 71467.

### JURISDICTION AND VENUE

5. This case raises a federal question under the FLSA, 29 U.S.C. §201, *et seq.*, vesting this Court with original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

6. Venue is proper in this District as Defendant is domiciled and conducts business in the Western District of Louisiana and a substantial part of the events giving rise to the claims asserted herein occurred within this District.

## COVERAGE UNDER THE FLSA

7. At all relevant times, Defendant is and has been Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d).

8. At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

9. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

10. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

12. Defendant and Plaintiff used phones, computers, materials, supplies and equipment that was manufactured in or purchased and shipped from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions, all of which constitutes interstate commerce.

## FACTS

13. Defendant provides residential and industrial electrical sales and services, sells and installs generators and solar systems, and performs directional boring services. (*See* https://futrellelectric.com)

14. Plaintiff was employed by Defendant from November 2018 to December 24, 2021 in Defendant's directional boring division and was given the title of "project manager."

15. Plaintiff was paid a weekly salary of $1,250.00, which was intended to pay him for up to fifty (50) hours of work per week.   Plaintiff's pay stubs listed his pay at $25.00 per hour.

16. All of Plaintiff's work was performed within the State of Louisiana.

17. Plaintiff routinely worked in excess of forty (40) hours per workweek.

18. For example, Plaintiff worked seventy-three and three-quarter (73.75) hours during the workweek of May 24, 2021 and eighty-two and a half (82.5) hours during the workweek of May 31, 2021.

19. Defendant classified Plaintiff as exempt from the overtime requirement of the FLSA.

20. Defendant's classification of Plaintiff as FLSA overtime exempt was based on his title as "project manager" which is insufficient   alone to establish Plaintiff as an exempt employee.

21. Plaintiff's job duties primarily consisted of performing manual labor tasks, including but not limited to, physically carrying, maneuvering and operating equipment, assisting other employees in operating equipment, including a directional drilling unit that was used for placement of underground fiberoptic cable, manually pulling cable through underground borings, physically digging with a shovel, and repairing and maintaining equipment

22. Defendant employed a supervisor to whom Plaintiff reported who was the person in charge of the jobsite.

23.  Defendant's supervisor, and not Plaintiff, was charged with supervision of employees who worked at the jobsites along with Plaintiff.

24. Plaintiff was not responsible for and had no authority to interview or select employees.

25. Plaintiff was not responsible for and had no authority to set or adjust employee rates of pay.

26. Plaintiff did not maintain sales records for jobs where he worked.

27. Plaintiff was not responsible for handling employee complaints or grievances.

28. Plaintiff was not responsible for planning and controlling a job budget.

29. Plaintiff was not responsible for monitoring or implementing legal compliance measures for Defendant's or its employees.

30. Plaintiff's salary was similar to Defendant's hourly employees gross pay for the kind of work performed by non-exempt employees.  On certain weeks, Defendant's hourly employees who worked with Plaintiff earned as much as or more than Plaintiff.

31. Any exempt duties performed by Plaintiff were limited in scope and occurred only occasionally as compared with the non-exempt duties he performed on a daily basis.

## FLSA VIOLATIONS

32. Pursuant to 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for all hours worked over forty (40) in a workweek.

33. Employers such as Defendant can pay non-exempt employees such as Plaintiff on a salary basis *provided* the employee receives overtime pay for all hours worked in excess of forty (40) in a work week, as required by 29 C.F.R. §778.113.

34. Defendant misclassified Plaintiff as exempt from the overtime provisions of the FLSA as his job duties did not qualify for any overtime exemption.

35. Defendant violated the FLSA by not paying Plaintiff overtime.

36. Defendant knowingly, willfully or in reckless disregard of the law maintained the above-described illegal practice of misclassifying Plaintiff as exempt from the overtime requirements of the FLSA and failing to pay overtime compensation for all hours worked over forty (40) over the past three (3) years.

37. Plaintiff is entitled to recover unpaid overtime for all hours worked in a workweek over forty (40), calculated at a regular rate based on the number of work hours Plaintiff's salary

was intended to compensate him, as well as straight time pay for all hours in worked in excess of the number of hours his salary was intended to compensate him.

38. Plaintiff is also entitled to liquidated damages, attorney's fees, costs and legal interest on all amounts owed.

39. Plaintiff is entitled to and requests trial by jury on all issues raised herein.

**WHEREFORE**, Plaintiff prays that, after due proceedings had, there by Judgment in favor of Plaintiff and against Defendant for unpaid back wages comprised of unpaid overtime premium for all hours worked over forty (40) over forty in a workweek, unpaid straight time for all hours worked in a workweek in excess of the hours his salary was intended to compensate him, liquidated damages in an amount equal to unpaid overtime and straight time compensation,   all costs of these proceedings, an award of attorney's fees as provided under the FLSA, all costs incurred herein and legal interest on all amounts as allowed by law.

Respectfully Submitted:

By: _/s/ Philip Bohrer_
Philip Bohrer
phil@bohrerbrady.com
Scott E. Brady
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana   70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

***Attorneys for Plaintiff***